1  Jonah A. Grossbardt (State Bar No. 283584)
   **SRIPLAW, P.A.**
2  1801 Century Park East
   Suite 1100
3  Los Angeles, CA  90067
   323.364.6565 – Telephone
4  561.404.4353 – Facsimile
   jonah.grossbardt@sriplaw.com
5
   Attorney for Plaintiff
6  ROBERT SKAZEL

7

                    **UNITED STATES DISTRICT COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9

10
   ROBERT SKAZEL,                          Case No.:  2:18-cv-03699-PA
11
                        Plaintiff,         The Honorable Percy Anderson
12
   v.                                      **NOTICE OF APPLICATION**
13                                         **AND APPLICATION FOR**
   THOMAS VALFRID ANDERSON and             **DEFUALT JUDGMENT BY**
14 DANIEL JUNG, both individually and      **COURT; MEMORANDUM OF**
   dba ANDERSON & JUNG,                    **POINTS AND AUTHORITIES IN**
15                        Defendants.      **SUPPORT THEREOF**

16                                         Date: August 13, 2018
                                           Time: 1:30 p.m.
17                                         Courtroom: 9A- 9th Floor

18
        TO THE HONORABLE COURT, ALL PARTIES, AND THEIR
19
   RESPECTIVE COUNSEL OF RECORD:
20

21
                                    i      Plaintiff's Motion for
                                           Default Judgment Against Defendants
                                           2:18-cv-003669-PA

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

1    PLEASE TAKE NOTICE THAT on August 13, 2018 at 1:30 p.m., or as soon

2    thereafter as this matter may be heard by the above-entitled Court, located at 350 West

3    First Street, Los Angeles, California 90012, Plaintiff Robert Skazel ("Plaintiff") will

4    and hereby does request entry of default judgment against Defendants Thomas Valfrid

5    Anderson and Daniel Jung, both individually and dba Anderson & Jung (collectively

6    "Defendants").

7    This motion is made on the grounds that:

8        1.  Defendants were served with the Complaint and Summons on May 14, 2018,

9            (*see* Dkt. 14 & 15) and have not responded to the Complaint or otherwise

10           appeared in this action;

11       2.  Default was entered by the Clerk against Defendants on June 15, 2018 (*see* Dkt.

12           19);

13       3.  Defendant Thomas Valfrid Anderson is not an infant, an incompetent person, in

14           military service, or otherwise exempted under the Soldiers' and Sailors' Civil

15           Relief Act of 1940;

16       4.  Defendant Daniel Jung is not an infant, an incompetent person, in military

17           service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act

18           of 1940;

19       5.  Anderson & Jung is not an infant, an incompetent person, in military service, or

20           otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940;

21

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

**SRIPLAW, P.A.**
LOS ANGELES, CALIFORNIA

6. Plaintiff is now entitled to judgment against Defendants on account of the claims pleaded in the Complaint, namely copyright infringement (17 U.S.C. § 101 *et seq.*);

7. Plaintiff seeks actual damages in the amount of One Hundred Seventeen Thousand Three Hundred Seventy-Seven Dollars and Ten Cents ($117,377.10);

8. Under the Copyright Act (17 U.S.C. § 101 *et seq.*), Plaintiff is entitled to recover costs incurred in this litigation, which amount to Six Hundred, Ninety Dollars and Sixty-Nine Cents ($690.69);

9. Notice of the entry of default and notice of this motion and the amount requested was served on Defendants on July 13, 2018, as required by Local Rule 55-1(e).

This Application is based on this Notice, the Memorandum of Points and Authorities, the declarations of Jonah A. Grossbardt, Esq. and Robert Skazel and the pleadings, file and other matters that may be presented at the hearing.


DATED:  July 13, 2018          */s/ Jonah A. Grossbardt*
                               JONAH A. GROSSBARDT
                               **SRIPLAW, P.A.**
                               Attorneys for Plaintiff Robert Skazel

1

# **TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................... 1

II.  RELEVANT FACTS AND PROCEDURAL HISTORY ........................................ 2

III.   DEFAULT JUDGMENT IS PROCEDURALLY PROPER .............................. 3

IV.   ARGUMENT ........................................................................................ 4

  A.  Defendants Were Properly Served with Process .................................... 5

  B. This Court Has Jurisdiction Over Defendants ...................................... 6

  C. The Eitel Factors Favor Entry of Default Judgment Against Defendants ............ 7

    1. Plaintiff Would be Prejudiced if his Motion for Default Judgment Were Denied ...................................................................................................... 7

    2. Plaintiff's Copyright Infringement Claims are Meritorious and Sufficiently Pled in the Complaint ...................................................................... 8

    3. The Sum of Money at Stake Favors Default .................................... 10

    4. There is Little Possibility of a Dispute Concerning Material Facts ................ 11

    5. Defendants' Neglect in Defaulting is Not Excusable ...................... 11

    6. Resolution on the Merits is Not Possible .................................. 12

  D. Plaintiff Is Entitled To An Award of Monetary Damages ........................ 13

V.   SKAZEL IS ENTITLED TO RECOVER COSTS IN THE AMOUNT OF $690.69 ............................................................................................. 16

VI.  CONCLUSION .................................................................................. 16

**SRIPLAW, P.A.**
LOS ANGELES, CALIFORNIA

Plaintiff's Motion for
Default Judgment Against Defendants
2:18-cv-003669-PA

## <u>**TABLE OF AUTHORITIES**</u>

**Cases**

*Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980)....................................................7

*Cunningham v. Seymour*, 2014 WL 12597608 (C.D. Cal. March 26, 2014) ..............10

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685 (9th Cir. 1988) ..................................................................................................................5

*Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) ...................................................passim

*Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005)...................11

*Fahmy v. Jay-Z*, 835 F. Supp. 2d 783 (C.D. Cal. 2011) ............................................14

*Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340 (1991) ...............8

*In re Tuli*, 172 F.3d 707 (9th Cir. 1999) ..................................................................4, 6

*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011) ..........................................6

*Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916 (C.D. Cal. 2010) ......................................................................................................................12

*Microsoft Corp. v. BH Tech, Inc.*, 2016 WL 8732074 (C.D. Cal. Sept. 2, 2016) ........10

*PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172 (C.D. Cal. 2002) ...7, 9

*Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004), *as amended on denial of reh'g and reh'g en banc,* 2004 WL 2376507 (9th Cir. Oct. 25, 2004) .....14

*Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866 (C.D. Cal. 2013) .........................14

*Shaw v. Lindheim*, 919 F.2d 1353 (9th Cir. 1990).......................................................9

*Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658 (S.D. Cal. 1997) .......13

*Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915 (9th Cir. 1987) ..........................8

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000) ...............................9

*Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065 (D. Ariz. 2006) ................................................................8, 12

*Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998 (C.D. Cal. 2014)...............................4, 10

Plaintiff's Motion for
Default Judgment Against Defendants
2:18-cv-003669-PA

*Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068 (C.D. Cal. 2004)..........8, 12

*Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072 (C.D. Cal. 2012).....11, 13

*Yelp Inc. v. Catron,* 70 F. Supp. 3d 1082 (N.D. Cal. 2014) ...................................10, 13

*YS Park Prof'l, Inc. v. Saco Store*, 2018 U.S. Dist. LEXIS 49717 (C.D. Cal. Mar. 23, 2018) ...........................................................................................................................5

**Statutes**

17 U.S.C. § 101 ..............................................................................................................iii

17 U.S.C. § 501 ...........................................................................................................4, 6

17 U.S.C. § 504(a) .........................................................................................................13

17 U.S.C. § 504(b) .........................................................................................................14

17 U.S.C. § 505 .............................................................................................................16

**Rules**

C.C.P. § 415.10 ...............................................................................................................3

C.C.P. § 415.10(a) .......................................................................................................5, 6

C.C.P. § 1011(a) ....................................................................................................3, 5, 6

Fed. R. Civ. P. 4 ..............................................................................................................5

Fed. R. Civ. P. 4(e)(1) ................................................................................................3, 5

Fed. R. Civ. P. 4(h)(1)(A) ...........................................................................................4, 5

Fed. R. Civ. P. 12(a)(1) ..................................................................................................4

Fed. R. Civ. P. 54(d)(1) ................................................................................................16

Fed. R. Civ. P. 55(b) ................................................................................................4, 12

Local Civil Rule 55-2 ....................................................................................................13

Local Rule 55-1(e) ........................................................................................................iii

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

Plaintiff's Motion for
Default Judgment Against Defendants
2:18-cv-003669-PA

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This motion concerns a case of copyright infringement by Defendants Thomas Valfrid Anderson and Daniel Jung, both individually and dba Anderson & Jung (collectively "Defendants"), of a photograph owned by Plaintiff Robert Skazel ("Skazel").  Defendants have been well aware of this action and yet refused to defend themselves in it. Through Defendants' refusal to cooperate, Plaintiff's ability to determine the true scope of the infringement and to stop future infringement has been thwarted.

In 2016, Plaintiff discovered that Defendants, attorneys, operating as Anderson & Jung were using his image to promote their law firm.  Plaintiff is not sure how many people viewed the image and how much Defendants profited from the unauthorized use of the image.  Had Defendants participated in this litigation, Plaintiff would have discovered this essential information.

As a result of Defendants' utter disregard for the judicial system, Plaintiff now moves this Court to enter default judgment against Defendants in the amount of $118,067.79.  This amount includes $117,377.10 in actual damages, and recoverable costs of $690.69.

1

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff, Robert Skazel is an experienced photographer that makes his living from photography.  (Dkt. No. 1 (Complaint) at p. 2. ¶ 2).  Skazel is a principal in the German company Mainworks, a creative production studio with offices in Frankfurt, Berlin, Munich and Los Angeles. *Id*.  Mainworks and Skazel work with a variety of prestigious companies, including Swarovski, Mercedes-Benz, Hyundai, Ogilvy, Lincoln, Kia, Team One and more. *Id*.  Skazel is a revered photographer and collaborates with the artist Mia Florentine Weiss to create dramatic material and performance art, including her travelling *Art Angel* performances on the West Coast of the United States. *Id*.

Skazel retains all copyrights to his photographs. (Dkt. 1 ¶ 17).  In 2011, Skazel created a photograph entitled "11 Minutes of Fame" (the Copyrighted Work). *Id* at ¶ 15.

Plaintiff at all relevant times was the owner of the Copyrighted Work at issue in this case. *Id*. at ¶ 17.  Plaintiff registered the Copyrighted Work with the Register of Copyrights on August 25, 2016.  *Id.* at ¶ 16.

On a date after the Copyrighted Work at issue was created, but prior to the filing of this action, Defendants copied the Copyrighted Work. *Id*. at ¶ 19.  Plaintiff discovered in February 2016 that Defendants were infringing Plaintiff's Copyrighted Work by reproducing, publicly displaying and distributing the Copyrighted Work

Plaintiff's Motion for
Default Judgment Against Defendants
2:18-cv-003669-PA

1  without Plaintiff's authorization or permission, and for the commercial purpose of

2  promoting their services at the following website URL:

3  http://www.andersonjung.com/; (hereinafter, the "Infringing Work"). *Id.* at ¶¶ 21, 22,

4  24 Ex. 2, and 25; and Declaration of Robert Skazel ("Skazel Decl.") ¶ 8.  Defendants

5  created, displayed and used the Infringing Work for the commercial purposes of

6  promoting their law firm to the public through their website. Complaint, at ¶ 21.

7       On September 19, 2017, attorney, Jonah A. Grossbardt, sent Defendants a letter

8  demanding Defendants remove the Infringing Work from Defendants' website and

9  pay the Plaintiff compensation for the unauthorized use of his Copyrighted Work. *Id.*

10  at ¶ 26; *see also* Declaration of Jonah A. Grossbardt in Support of Motion for Default

11  Judgment ("Grossbardt Decl."), at ¶ 10-11 and Ex. D & E.  The Infringing Work was

12  subsequently removed from Defendants' website. Grossbardt Decl., at ¶ 12.

13  Defendants never made any overture to compensate Plaintiff for Defendants' use of

14  the Copyrighted Work. Complaint, at ¶ 26, and Grossbardt Decl., at ¶ 13.

15  **III.   DEFAULT JUDGMENT IS PROCEDURALLY PROPER**

16       Plaintiff filed a complaint against Defendants in this Court for copyright

17  infringement on May 1, 2018. (Dkt. No. 1)  Plaintiff served Defendants' authorized

18  agent for service Douglas Palmer on May 14, 2018 pursuant to California Code of

19  Civil Procedure C.C.P. § 1011(a) and C.C.P. § 415.10 and Rules 4(e)(1) and

20

21

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

1  4(h)(1)(A) of the Federal Rules of Civil Procedure. (Dkt. Nos. 14 & 15).  Plaintiff

2  filed both Proofs of Service with this Court on May 16, 2018. (Dkt. Nos. 14 &15).

3      Defendants have not responded to the complaint or otherwise appeared in this

4  matter – Defendants' deadline was June 4, 2018. *See* Fed. R. Civ. P. 12(a)(1);

5  Grossbardt Decl., ¶ 3.  On June 14, 2018, Plaintiff filed a Motion for Entry of Clerk's

6  Default against Defendants. (Dkt. No. 17).  The clerk entered default against

7  Defendants on June 15, 2018. (Dkt. No. 19).

8  **IV.   ARGUMENT**

9      Federal Rule of Civil Procedure 55(b) allows the Court to enter a default

10  judgment where the defaulting party has "failed to plead or otherwise defend," and the

11  clerk has entered the party's default. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998,

12  1005 (C.D. Cal. 2014).  "Once a party's default has been entered, the factual

13  allegations of the complaint, except those concerning damages, are deemed to have

14  been admitted by the non-responding party." *Id.*  Here, there is proper notice and

15  jurisdiction.  Plaintiff's factual allegations establish that Defendants infringed

16  Plaintiff's copyright in the Copyrighted Works in violation of 17 U.S.C. § 501.  In

17  addition, when considering a motion for default judgment, a "district court has an

18  affirmative duty to look into its jurisdiction over both the subject matter and the

19  parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  For the reasons discussed

20  below, it is appropriate for the Court to grant default judgment against Defendants.

21

Plaintiff's Motion for
Default Judgment Against Defendants
2:18-cv-003669-PA

1    Moreover, the other relevant factors that the Court must consider in evaluating

2    Plaintiff's motion—*i.e.* the *Eitel* factors—weigh in favor of entering default judgment.

3    Thus, the Court should enter default judgment against Defendants.

### A.  Defendants Were Properly Served with Process

4    "A federal court does not have jurisdiction over a defendant unless the

5    defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists,*

6    *Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  Thus,

7    initially, the Court must "assess the adequacy of the service of process on the party

8    against whom default is requested." *YS Park Prof'l, Inc. v. Saco Store*, 2018 U.S. Dist.

9    LEXIS 49717, at *5 (C.D. Cal. Mar. 23, 2018) (internal citation and quotations marks

10   omitted).

11

12   As discussed above, Defendants were officially served on May 14, 2018 by

13   personal service on their authorized agent for service of process at Defendants'

14   business address, pursuant to C.C.P. § 415.10(a) and C.C.P. § 1011(a), and Rules

15   4(h)(1)(A) and 4(e)(1).  Personal service was a proper means of service on Defendants

16   who are attorneys.  Federal Rule of Civil Procedure 4(h)(1)(A) permits service of

17   process on Defendants according to Rule 4(e)(1).  Rule 4(e)(1) permits service of

18   process by "following state law for serving a summons in an action brought in courts

19   of general jurisdiction in the state where the district court is located or where service

20   is made" – i.e., the state law of California. C.C.P. § 415.10(a) permits service of

21

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

Plaintiff's Motion for
Default Judgment Against Defendants
2:18-cv-003669-PA

1    process by personal delivery (i.e., personal service).  C.C.P. § 1011(a) allows service

2    on an attorney on their office.  As stated above, personal service pursuant to C.C.P. §

3    415.10(a) and C.C.P. § 1011(a) was executed on May 14, 2018 through personal

4    service on Defendants' authorized agent for service of process.  Service was deemed

5    complete upon service upon the person designated as agent for service of process. *See*

6    C.C.P. § 415.10(a) and C.C.P. § 1011(a).  Thus, service of process on Defendants was

7    proper.

### B. This Court Has Jurisdiction Over Defendants

8          In a motion for default judgment, the Court must determine whether it may

9
10   properly exercise both subject matter jurisdiction and personal jurisdiction. *See In re*

11   *Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

12         Regarding subject matter jurisdiction, Plaintiff's claim against Defendants is for

13   copyright infringement under 17 U.S.C. § 501.  Federal courts have exclusive jurisdiction

14   over actions that arise under the federal copyright laws.  Thus, this Court may exercise

15   subject matter jurisdiction over this suit.

16         Defendants are California residents that do business in California and maintain

17   an office at Union Bank Plaza, 31st Floor, 445 South Figueroa Street, Los Angeles,

18   California. (*See* Complaint, at ¶ 12 & 13).  Citizenship and domicile in the forum state

19   is a traditional basis of personal jurisdiction. *J. McIntyre Mach., Ltd. v. Nicastro*, 564

20

21

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

U.S. 873, 880 (2011).  Therefore, this Court has personal jurisdiction over Defendants.

### C. The Eitel Factors Favor Entry of Default Judgment Against Defendants

The Court may grant default judgment in its discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making its decision, the Court may consider various factors, including (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether Defendants' default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  As described below, the *Eitel* factors weigh heavily in favor of ordering a default judgment against Defendants.

### 1.    Plaintiff Would be Prejudiced if his Motion for Default Judgment Were Denied

Plaintiff has pursued his case and diligently attempted to notice Defendants of this pending litigation.  To allow Defendants to escape liability by ignoring Plaintiff and the judicial process would prejudice Plaintiff, a lawful copyright claimant. *See PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002) (stating that if the plaintiff's motion for default judgment was not granted, plaintiff would be "without other recourse for recovery).

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

1    Further, Plaintiff has already incurred expenses in attempts to serve Defendants

2    in taking the necessary procedural steps to obtain a default judgment.  Without an

3    entry of default judgment against Defendants, Plaintiff would be prejudiced and

4    without other recourse for recovery.  Therefore, this factor favors default judgment

5    against Defendants.

6         **2.        Plaintiff's Copyright Infringement Claims are Meritorious and**

7              **Sufficiently Pled in the Complaint**

8    Because the Complaint contains all necessary factual allegations for a copyright

9    infringement claim, and because such allegations must be taken as true now that

10   Defendants are in default.  Plaintiff satisfies the second and third *Eitel* factors.

11   For purposes of default judgment, all factual allegations, except those

12   pertaining to damages, are deemed admitted. *Televideo Systems, Inc. v. Heidenthal,*

13   826 F.2d 915, 918 (9th Cir. 1987).  To properly allege a copyright infringement claim,

14   a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of

15   constituent elements of the work that are original.'" *Twentieth Century Fox Film*

16   *Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *Feist Pubs.,*

17   *Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991)); *see also Warner*

18   *Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (finding a

19   complaint sufficient for the purposes of default judgment in a copyright infringement

20   action where the plaintiff "alleged both ownership of a valid copyright and copying of

21

constituent elements by [defendant]"). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

Taking Plaintiff's allegations as true, Plaintiff owns all exclusive rights to the Copyrighted Work. (Complaint, at ¶ 17) [1].  The Complaint attaches a copy of the registration issued by the Copyright Office for a photographic image created by Plaintiff. (Complaint, at ¶ 16, Ex. 1; Skazel Decl., at ¶ 3).  Further, the Complaint presents direct evidence of Defendants' violations of Plaintiff's exclusive right to reproduce, display, and distribute the Copyrighted Work by, without Plaintiff's permission, copying, reproducing, distributing, and publicly displaying the Copyrighted Work. (Complaint, at ¶¶ 18-25, and Ex. 2).

Accordingly, there is no question that the substance of Plaintiff's copyright claim has merit.

When default is entered, and thus the allegations in a plaintiff's complaint are deemed true, courts generally consider the second and third factors (merits and sufficiency) together. *See PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).  Because default was entered against Defendants,

---

[1] Courts have consistently held that "registration is prima facie evidence of the validity of a copyright." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488–89 (9th Cir. 2000).

Plaintiff's Motion for
Default Judgment Against Defendants
2:18-cv-003669-PA

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

1   Plaintiff's allegations are deemed true and his claims of copyright infringement thus

2   have merit; therefore, Plaintiff's complaint is also sufficient to support the entry of

3   default judgment.

### 3.      The Sum of Money at Stake Favors Default

5   The fourth *Eitel* factor focuses on the amount at issue.  Courts should be

6   hesitant to enter default judgments in matters involving substantial or unreasonable

7   sums of money. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal.

8   2014).  However, when the sum of money at stake is tailored to the specific

9   misconduct of the defendant, default judgment may be appropriate even for significant

10  sums. *See Yelp Inc.*, 70 F. Supp. 3d at 1099–100; *see, e.g.*, *Cunningham v. Seymour*,

11  No. CV1108095DMGAJWX, 2014 WL 12597608, at **4–5 (C.D. Cal. March 26,

12  2014) (finding request for $437,860.12 for royalties defendant received from

13  infringement of a "beat" in one song supported entry of default judgment under fourth

14  *Eitel* factor); *Microsoft Corp. v. BH Tech, Inc.*, No. 2:16-cv-2664-ODW-RAO, 2016

15  WL 8732074, at *5 (C.D. Cal. Sept. 2, 2016) (stating requested $462,600 was

16  "conservative" and weighed in favor of default judgment).

17  The damages Plaintiff requests, discussed further below, is a substantial amount

18  to which Plaintiff is entitled as the rightful owner of the Copyrighted Work. The

19  financial incentive to steal proprietary photographs from photographers like Plaintiff

20  and use the Copyrighted Work for commercial purposes for free is enormous.  It is

21

1   thus critical to adequately deter and sanction infringing activity.  This recoverable

2   amount weighs in favor of default judgment against Defendants.

### 4.   There is Little Possibility of a Dispute Concerning Material Facts

3
4

5        The fifth *Eitel* factor examines the likelihood of a dispute between the parties

6   regarding the material facts surrounding the case. *Wecosign, Inc. v. IFG Holdings,*

7   *Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).  However, "[w]here a plaintiff has

8   filed a well-pleaded complaint, the possibility of dispute concerning material facts is

9   remote." *Id.*  In other words, because all allegations in a well-pleaded complaint are

10   taken as true after the court clerk enters default, there is rarely a likelihood that

11   disputes of material fact exist. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D.

12   388, 393 (C.D. Cal. 2005).

13        Here, Plaintiff filed a well-pled Complaint alleging copyright infringement.

14   Defendants have not challenged any of the Complaint's allegations by answer,

15   motion, or otherwise.  On June 15, 2018, the Clerk entered default against Defendants,

16   rendering the Complaint's factual allegations true for purposes of this motion. (Dkt.

17   No. 19.).  As such, there is no dispute between the parties regarding the material facts

18   at issue in this case.

### 5.   Defendants' Neglect in Defaulting is Not Excusable

19

20        Because Defendants were properly served with the Complaint, Defendants'

21   failure to respond in any way to this action cannot be due to excusable neglect.  "A

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

1    defendant's conduct in failing to respond may either be culpable or due to excusable

2    neglect.  A defendant's conduct is culpable if he has received actual or constructive

3    notice of the filing of the action and failed to answer." *Warner Bros. Entm't Inc. v.*

4    *Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (internal quotations omitted).

5    Defendants have failed to appear in this action despite being properly served with the

6    Complaint thus have not "demonstrated a clear purpose to defend the suit." *Twentieth*

7    *Century Fox Film Corp*, 438 F.Supp.2d at 1074 n1.

8        Because Defendants made no appearance whatsoever, nor have they made any

9    effort even to argue excusable neglect for their disregard of Plaintiff's claims and the

10   judicial process, this factor weighs heavily in favor of default judgment.

### 6.    Resolution on the Merits is Not Possible

12       While the seventh *Eitel* factor cautions that cases should be decided on their

13   merits whenever possible, the fact that Rule 55(b) has been enacted indicates that this

14   preference by itself is not dispositive. *See Landstar Ranger, Inc. v. Parth Enterprises,*

15   *Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010).  Where a defendant has failed to

16   respond to the plaintiff's claims after sufficient notice, the seventh *Eitel* factor does

17   not preclude the entry of default judgment.

18       Here, Defendants have received multiple notices of this lawsuit, which involves

19   the intentional copying of Plaintiff's Copyrighted Work for advertising on their

20   website.  Defendants have made no effort to challenge the claims or to lift default.  As

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

Plaintiff's Motion for
Default Judgment Against Defendants
2:18-cv-003669-PA

such, the policy favoring resolution of cases on their merits does not outweigh the

justifications for entry of a default judgment, where Plaintiff has attempted to fully

inform Defendants of this suit.

Application of the various *Eitel* factors to this case mandates the Court to

exercise its discretion in ordering a default judgment against Defendants.

### D. Plaintiff Is Entitled To An Award of Monetary Damages

To recover damages after securing a default judgment, a plaintiff must prove

the relief it seeks through testimony or written affidavit. *See Yelp Inc.*, 70 F. Supp. 3d

at 1100–01. Under Ninth Circuit law, a default judgment for money may not be

entered without a hearing unless the amount claimed is a liquidated sum or capable of

mathematical calculation. *See Wecosign, Inc.*, 845 F. Supp. 2d at 1079. However, the

"hearing" required under this rule need not include live testimony, but may instead

rely on declarations submitted by the parties, so long as notice of the amount

requested is provided to the defaulting party. *See id.*; Local Civil Rule 55-2.

Moreover, where the plaintiff is entitled to the defendant's wrongful profits, courts

have allowed "relaxed standards of proof" where the defendant has refused to

participate in the lawsuit. *See Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175

F.R.D. 658, 663 (S.D. Cal. 1997).

Pursuant to 17 U.S.C. § 504(a), the defendant in a copyright action is liable for

either: (1) the copyright owner's actual damages and any additional profits of the

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

1   infringer, or (2) statutory damages.  In establishing the infringer's profits, the

2   copyright owner is required to present proof only of the infringer's gross revenue. 17

3   U.S.C. § 504(b); *see also Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711

4   n.8 (9th Cir. 2004), *as amended on denial of reh'g and reh'g en banc,* No. 03-35188,

5   2004 WL 2376507 (9th Cir. Oct. 25, 2004) (defining "gross revenue" as the "gross

6   revenue associated with the infringement, as opposed to the infringer's overall gross

7   sales resulting from all streams of revenue").  Plaintiffs seeking to recover for

8   "indirect" profit damages must simply show some evidence that the infringement at

9   least partially caused the profits that the infringer generated as a result of the

10  infringement. *See Polar Bear Prods.,* 384 F.3d at 711 (indicating infringer's profits

11  must be more than remotely and speculatively attributable to infringement); *Reinsdorf*

12  *v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 879 (C.D. Cal. 2013) (noting copyright

13  owner is entitled to recover infringer's "indirect profits" which arise when an infringer

14  uses a copyrighted work to sell another product, and noting it is plaintiff's burden to

15  establish a "non-speculative" causal connection between the infringement and the

16  infringer's profits); *Fahmy v. Jay-Z*, 835 F. Supp. 2d 783, 795 (C.D. Cal. 2011)

17  (outlining "indirect profit" cases).

18       Plaintiff's request for actual damages is reasonable, given the valuable fees

19  Plaintiff has lost based on Defendants' infringing reproduction of Plaintiff's

20  Copyrighted Work.  Plaintiff is an experienced and popular photographer who has

21

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

14       Plaintiff's Motion for
         Default Judgment Against Defendants
         2:18-cv-003669-PA

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

1   sold copies of this image for $117,377.10 (€100,000) justify an expectation that he

2   would have charged and received at least a $117,377.10 (€100,000) to purchase a

3   copy of this Copyrighted Work. (Skazel Decl., at ¶ 7). Defendants have earned a

4   wrongful revenue of at least $117,377.10 (€100,000).  (*Id*. & Grossbardt Decl., at ¶

5   14, Ex. F).  Infringements such as Defendants' negatively impacts Plaintiff's market

6   for his photographs. (Skazel Decl. at ¶ 9). Defendants' intentional default has deprived

7   Plaintiff of an ability to take discovery of the actual number of infringing

8   reproductions and sales of his Copyrighted Work and the revenue earned by

9   Defendants.

10           Given Defendants' reproduction, distribution, and public display of the

11   Copyrighted Work without obtaining, or even seeking, permission from Plaintiff as

12   copyright owner and refusal to pay a licensing fee to compensate for their use of the

13   Copyrighted Work, demonstrates that Defendants had actual knowledge, or at least

14   acted with reckless disregard, of the fact that their conduct infringed upon Plaintiff's

15   exclusive copyrights in the Copyrighted Work.

16           Accordingly, Defendants' default and the well-pled facts of the Complaint,

17   which are admitted by Defendants' default, establish that Defendants' infringement of

18   Plaintiff's Copyrighted Work was willful and deliberate.

19           The amount of damages is also reasonable in light of Defendants' willful and

20   intentional infringement of Plaintiff's Copyrighted Work, as the infringement was

21

designed to promote Defendants' business.  Thus the amount at stake $117,377.10 is directly tailored to Defendants' misconduct, and this factor weighs in favor of default judgment even though the amount of damages is large.

## V.    SKAZEL IS ENTITLED TO RECOVER COSTS IN THE AMOUNT OF $690.69

Finally, Plaintiff is entitled to recover his costs if default judgment is granted. Fed. R. Civ. P. 54(d)(1); 17 U.S.C. § 505 (the court may allow the full recovery of costs for copyright infringement). Accordingly, Plaintiff requests his costs of $690.69 in this action.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter default judgment against named Defendants Thomas Valfrid Anderson and Daniel Jung, both individually and dba Anderson & Jung in the amount of $118,067.79.

Respectfully Submitted,

**SRIPLAW, P.A.**

Date: July 13, 2018                    By:    /s/ Jonah A. Grossbardt
                                              Jonah A. Grossbardt, Esq.
                                              Attorneys for Plaintiff
                                              Robert Skazel

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

16          Plaintiff's Motion for
            Default Judgment Against Defendants
            2:18-cv-003669-PA