Jonah A. Grossbardt (State Bar No. 283584)
**SRIPLAW, P.A.**
1801 Century Park East
Suite 1100
Los Angeles, CA 90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorney for Plaintiff
ROBERT SKAZEL

**SRIPLAW, P.A.**
LOS ANGELES, CALIFORNIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ROBERT SKAZEL,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS VALFRID ANDERSON and DANIEL JUNG, both individually and dba ANDERSON & JUNG,<br><br>Defendants. | Case No.: 2:18-cv-03669-PA (AGRx)<br><br>**PLAINTIFF'S APPLICATION FOR AN ORDER TO EXTEND TIME FOR SERVICE ON DEFENDANTS, THOMAS VALFRID ANDERSON and DANIEL JUNG, both individually and dba ANDERSON & JUNG, UNDER RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>**Date: November 5, 2018**<br>**Time: 1:30pm**<br>**Courtroom: 9A – 9th Floor**<br>**Judge: Hon. Percy Anderson** |

1

TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

Plaintiff, Robert Skazel ("Plaintiff"), hereby applies for an Order Extending the Time for Service on Defendants, THOMAS VALFRID ANDERSON and DANIEL JUNG, both individually and dba ANDERSON & JUNG (collectively "Defendants"), under FRCP Rule 4(m) and for issuance of a federal summons.

MEET AND CONFER STATEMENT

On October 1, 2018, Plaintiff's counsel and Defendants' counsel met and conferred about this motion and Defendants' counsel stated that they would not agree to waive or accept service. *See* Declaration of Jonah A. Grossbardt, Esq. at ¶ 1 ("Grossbardt Decl.").

Good cause exists for an extension of time for service and for issuance of a federal summons based on the following:

1. This case was filed May 1, 2018. [ECF 1]. Plaintiff believed that he had effectuated service on Defendants on May 14, 2018 and filed the two returns of services with the Court on May 16, 2018. [ECF 14 & 15]. This service took place within the 90-day period required pursuant to Rule 4(m). Plaintiff did not have knowledge of Defendants' argument of ineffective service of process until July 20, 2018. The last day for service without a request for an extension was July 30, 2018. Defendants did not file their motion to vacate judgment until August 8, 2018 after the

2

1  last date for service without request for an extension to serve.  During that period

2  Plaintiff's counsel attempted to negotiate with Defendants to waive service.

3  Defendants refused and subsequently filed a motion to dismiss for insufficient service

4  of process pursuant to Fed R. Civ. P. 12(b)(5). [ECF 28].  Plaintiff did not know

5  Defendants would refuse to waive service until after Defendants' filed their motion to

6  dismiss on September 7, 2018 when Plaintiff asked if Defendants would be willing to

7  waive service and allow Plaintiff to amend the Amended Complaint to address the

8  issues in Defendants' pending motion to dismiss.  On September 27, 2018, Defendants

9  confirmed their intention to contest service.  *See* Grossbardt Decl. ¶ 3.

10  2. FRCP Rule 4(m) provides that if a defendant is not served within 90 days

11  after the complaint is filed, the court – on motion or on its own after notice to the

12  plaintiff – must dismiss the action without prejudice against that defendant or order

13  that service be made within a specified time.  But if plaintiff shows good cause for the

14  failure, the court **must** extend the time for service for an appropriate period.

15  3. At a minimum "good cause" means excusable neglect.  A plaintiff may

16  be required to show the following factors in order to bring the excuse to the level of

17  good cause: (1) the party to be served received actual notice of the lawsuit; (2) the

18  defendant would suffer no prejudice; and (3) plaintiff would be severely prejudiced if

19  his complaint were dismissed. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

20  Plaintiff satisfies these factors as shown herein.

21

4. Plaintiff believed that the process server properly served Defendants on May 14, 2018 and only learned that Defendants were formally contesting service on August 8, 2018.

5. Defendants have been vigorously defending themselves and have had actual notice of the action since at least July 20, 2018.

6. Defendants will not suffer any prejudice if this application is granted as they are aware of the action and have filed a motion to dismiss.

7. Plaintiff will suffer severe prejudice because he will have to refile this lawsuit if it is dismissed because it is found that Plaintiff's original service was ineffective.

8. As shown in the attached Memorandum of Points and Authorities and Declaration of Jonah A. Grossbardt, good cause exists, and the Court must grant the requested relief as such will serve the interests of justice and Defendants will suffer no prejudice if the requested relief is granted.

This application will be based upon this Notice, the pleadings, records and files, the attached Declaration of Jonah A. Grossbardt, and attached Memorandum of Points and Authorities in support of Plaintiff's application, as well as all oral and documentary evidence as may be heard at the hearing of this application.

DATED: October 8, 2018

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
**SRIPLAW, P.A.**
Attorneys for Plaintiff Robert Skazel

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of unauthorized use of Robert Skazel's photograph by Thomas Valfrid Anderson and Daniel Jung, both individually and dba Anderson & Jung (collectively "Defendants") to promote their law practice.

Skazel is an experienced photographer who makes his living from photography. Skazel is a principal in the German company Mainworks, a creative production studio with offices in Frankfurt, Berlin, Munich and Los Angeles.  Mainworks and Skazel work with a variety of prestigious companies, including Swarovski, Mercedes-Benz, Hyundai, Ogilvy, Lincoln, Kia, Team One and more.  Skazel is a revered photographer and collaborates with the artist Mia Florentine Weiss to create dramatic material and performance art, including her travelling *Art Angel* performances on the west coast of the United States.

The Complaint and Amended Complaint in this case were filed by the Plaintiff on May 1, 2018. *See* Grossbardt Declaration ¶ 4.  Plaintiff attempted to serve Defendants at their office at Union Bank Plaza, 31 floor, 445 South Figueroa Street, Los Angeles, California 90001.  The process server was not allowed up to their office and left the Summons and Amended Complaint with the security guard in the lobby. The process server provided Plaintiff with a proofs of service dated May 14, 2018 and Plaintiff's counsel filed these return of services with the Court on May 16, 2018. [ECF

15 & 16]. This was well within the time to serve Defendants required by FRCP Rule 4(m). Defendants did not respond to the Amended Complaint within 21 days. The Court issued an Order to Show Cause on June 6, 2018. [ECF 16]. Plaintiff complied with the Order to Show Cause on June 14, 2018. [ECF 18]. Plaintiff continued to comply with the Court's schedule by filing his application for default judgment with the Court on July 13, 2018. [ECF 22]. Plaintiff complied with the Central District's Local Rules and served a copy of the application for default judgment on Defendants via Federal Express on July 13, 2018. [ECF 22-1]. Defendants responded to Plaintiff's application via email on July 20, 2018.

As discussed below, Plaintiff can show good cause for the failure to serve Defendants within 90 days after the Amended Complaint was filed and respectfully requests that the Court extend the time for service for an appropriate period and that a federal summons be issued. No party will be prejudiced by such an Order as discussed below.

## II.     COMPLIANCE WITH LOCAL RULES

Local Rule 7-3 requires that counsel state that this motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 1, 2018.

## III.    GOOD CAUSE EXISTS TO GRANT THE REQUESTED RELIEF

Federal Rules of Civil Procedure, Rule 4(m) provides as follows:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The courts have interpreted Rule 4(m) to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause. *See In re Sheehan,* 253 F.3d 507, 512 (9th Cir. 2001). In addition, the Court, in its discretion, may extend time for service, even if plaintiff fails to show good cause. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). "[T]he 120-day provision operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996).

In any event, Plaintiff can show good cause under Rule 4(m) and he respectfully submits that the time for service should therefore be extended. At a minimum "good cause" means excusable neglect. *See Boudette v. Barnette*, 923 F.2d 745, 755 (9th Cir. 1991). A plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: (1) the party to be served received actual notice of the lawsuit; (2) the defendant would suffer no prejudice; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001), citing *Boudette*, 923 F.2d at 756 and *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987). Plaintiff can show each of these factors.

## IV. THE DEFENDANTS RECEIVED ACTUAL NOTICE OF THE LAWSUIT

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the Complaint." *WB Music Corp. v. FutureToday, Inc*. 2018 U.S. Dist. LEXIS 146539 at *2 (C.D. Cal. Aug. 27, 2018) (*quoting United Food & Commercial Workers Int'l Union v. Alpha Beta Co*., 736 F.2d 1371, 1382 (9th Cir. 1984)).  Skazel does not dispute that service may have been done improperly, but the Defendants cannot dispute that they have received sufficient notice of the Amended Complaint. The Defendants have specially appeared for purposes of filing a motion to set aside the default and later to dismiss pursuant to Fed. R. Civ. P. 12(b)(5). [ECF 23 & 28].  Second, the undersigned counsel has mailed waivers of service of summons to the Defendants, and the Defendants have refused to waive, though delivery tracking has confirmed that the waivers have been received at the Defendants' place of business. *See* Grossbardt Declaration ¶ 5.  Finally, the Defendants are attorneys, who presumably have a more sophisticated knowledge of the Court and access to its records.  The Defendants have received sufficient notice of the Amended Complaint, and Skazel has shown good cause regarding this factor.

## V. THE DEFENDANTS WOULD SUFFER NO PREJUDICE IF THE TIME FOR SERVICE IS EXTENDED

The Defendants would not suffer any prejudice if the time to serve is extended, as an extension would simply allow Skazel to properly serve the Defendants if service

8

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

is deemed improper. Even if the Amended Complaint is dismissed, Skazel would be able to file another complaint against the Defendants, as a dismissal under Fed. R. Civ. P. 4(m) and 12(b)(5) are without prejudice. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *See also Tart Optical Enters., LLC v. Light Co.*, 2017 U.S. Dist. LEXIS 218344 at *11 (C.D. Cal. Sept. 27, 2017).

## VI.  THE PREJUDICE TO SKAZEL IF THE TIME FOR SERVICE IS NOT EXTENDED WOULD BE SUBSTANTIAL

Skazel would be greatly prejudiced if the time for service is not extended. First, Skazel would be forced to expend further resources filing another complaint if he wants to pursue the Defendants for their infringement. This alone outweighs any prejudice to the Defendants because the Defendants would not be prejudiced at all. Second, if Skazel was forced to refile his Complaint, it could affect the amount of damages he would be entitled to under an actual damages theory pursuant to 17 U.S.C. § 504 because he is only allowed to collect on the past three years of damages. *See Petrella v. MGM*, 134 S. Ct. 1962, 1976 (2014).

## VII. CONCLUSION

As shown, there is good cause to extend the service period and Plaintiff respectfully submit that an extension of time to effect service be granted.

DATED:  October 8, 2018            */s/ Jonah A. Grossbardt*
                                   JONAH A. GROSSBARDT
                                   **SRIPLAW, P.A.**
                                   Attorneys for Plaintiff Robert Skazel

# CERTIFICATE OF SERVICE

Plaintiff ROBERT SKAZEL, by and through his undersigned counsel, hereby states that on October 8, 2018 a true and correct copy of the Plaintiff's Application to Extend Time for Service; Points and Authorities; Declaration of Jonah A. Grossbardt; and Proposed Order were sent via electronic mail by the Court's CM/ECF system to all parties listed below on the Service List.

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT

## SERVICE LIST

Daniel Jung
Anderson & Jung
31st Floor
445 South Figueroa Street
Los Angeles, CA  90071
daniel@andersonjung.com
213.612.7773 – Telephone

*Attorneys for Defendants*