J. Daniel Jung (State Bar No. 243436)
Anderson & Jung
445 S. Figueroa St. 31st Floor
Los Angeles, California 90071
(213) 612-7773
daniel@andersonjung.com

Attorney for Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| ROBERT SKAZEL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THOMAS VALFRID ANDERSON and DANIEL JUNG, both individually and dba ANDERSON & JUNG,<br><br>　　　　Defendants. | Case No.: 2:18-CV-03669 PA (AGRx)<br><br>**OPPOSITION TO PLAINTIFF'S APPLICATION TO EXTEND TIME FOR SERVICE ON DEFENDANTS THOMAS VALFRID ANDERSON and DANIEL JUNG, BOTH INDIVIDUALLY AND DBA ANDERSON & JUNG.**<br><br>Place:　　Courtroom Room 9(A)<br>Date:　　November 5, 2018<br>Time　　　1:30 p.m.<br><br>Honorable Percy Anderson |

### I.　　Introduction

Robert Skazel ("Plaintiff") and his collaborator, Mia Weiss (aka Mia Florentine Weiss) posted Plaintiff's alleged copyrighted photograph on Wikimedia Commons to induce unsuspecting victims, such as Defendants (as defined below), to download the photo so that Plaintiff may extract settlements by threat of expensive litigation.

Plaintiff asks for more time, on the eve of a motion to dismiss, despite having more than 5 months properly to serve Defendants, now to serve Defendants.

In the hopes of obtaining a quick default judgment, Plaintiff submitted fraudulent documents to this Court, which falsely claimed that this lawsuit was served upon an agent of Defendants. Jonah A Grossbardt, the attorney for Plaintiff, certified under oath,

based upon personal knowledge, that Douglas Palmer was an agent of service of process for Defendants. This sworn declaration is false.

## II. Relevant Factual Background

On or about May 1, 2018, Plaintiff filed his Complaint against Defendants Daniel Jung and Thomas Valfrid Anderson both individually and d.b.a. Anderson & Jung. ("Defendants") for copyright infringement of a photo purported to be owned by Robert Skazel ("Plaintiff").

On or about May 14, 2018, Plaintiff's attorney, Jonah A. Grossbardt, certified under penalty of perjury, that Defendants were personally served with a Summons and a copy of the Complaint, by serving Douglas Palmer, who is not the agent of Defendants but the front door security guard on the first floor. Defendants' offices are on the 31st floor. Plaintiff never claimed substituted service and additionally never mailed a copy of the Summons and Complaint to Defendants as is required under Fed. R. Civ. P. 4. Plaintiff has still not served Defendants properly.

On May 16, 2018, this Court notified Plaintiff of the discrepancy that his proofs of service stated substituted service but the declaration of the server never stated that he had mailed a copy to Defendants. (See Exhibit A, page 2, Entry #15)

On June 14, 2018, under penalty of perjury, Jonah A. Grossbardt, attorney for Plaintiff, certified that the security guard was in fact the agent for Defendants, thereby claiming personal service upon Defendants. However, Defendants never authorized anyone to accept service of their behalf. (See Jung Decl. ¶¶ 4-6.) Therefore, Jonah A. Grossbardt's Proof of Service filed was deficient in violation of Fed. R. Civ. P. 4. Therefore, Jonah Grossbardt's Proof of Service filed was deficient in violation of Fed. R. Civ. P. 4.

On June 15, 2018, default was entered, based upon the fraudulent proof of service and the false declaration of Jonah A. Grossbardt.

1  On August 21, 2018, this Court granted Defendants' motion to vacate default judgment. That motion was expressly unopposed by Plaintiff by a filing from Plaintiff filed in connection therewith.

On October 1, 2018, Plaintiff had a meet and confer regarding this motion. Defendant refused to waive service in this case as this request was made 153 days after the filing of this complaint. (See Grosbart Decl. ¶ 2. ECF #34-1.)

On October 8, 2018, Plaintiff filed the instant motion to extend the deadline to serve defendants. In this motion, Plaintiff admits that he was aware was aware of the invalid service since July 20, 2018. (See ECF #34 at 2:18-20.) Therefore, Defendant waited 90 days after learning of the defective service to file this motion.

To this date, Plaintiff failed to properly serve Defendants. (See Jung Decl. ¶ 8.)

### III. Discussion.

#### A. The Legal Standard

For Plaintiff to be granted an extension of time to serve Plaintiff should show good cause under Rule 4(m). See *Boudette v. Barnette*, 923 F.2d 745, 755 (9th Cir. 1991). A plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: (1) the party to be served received actual notice of the lawsuit; (2) the defendant would suffer no prejudice; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001), citing *Boudette*, 923 F.2d at 756 and *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987).

#### B. Plaintiff Has Not Shown Good Cause.

There is no dispute that as of the filing of this complaint, there has been no proper service of this lawsuit, over 160 days from the filing of this lawsuit.

As of the date of the filing of this motion, it has been 161 days from the initial filing of the complaint in violation of Fed. R. Civ. P. 4(m). In fact it Plaintiff waited 81 days from learning of the defective service to file this motion.

Plaintiff had not shown any facts that would indicate good cause for this delay. Plaintiff getting caught in a scheme to obtain a default judgment by junk service cannot be considered good cause.

Defendants' insistence on proper service after catching Plaintiff attempting junk is not unreasonable.

### C. Plaintiff's Continuing Misrepresentation of Facts to this Court

Plaintiff now claims he attempted to negotiate with Defendants to waive service sometime around August 8, 2018 yet strangely enough Plaintiff then claims he did not know Defendants would refuse to waive service until September 7, 2018. (ECF #34 at 2:19-3:2 and ECF #34 3:8-7.)  How would one not be aware of Defendants' refusal to waive service until a month after Defendants refused to waive service?

### D. Plaintiff Has Not Shown Severe Prejudice.

Here Plaintiff has the burden of proof to show he will suffer severe prejudice if the case is dismissed.

Plaintiff's first argument that he must pay for a re-filing fee is without merit. If this court finds that filing fees are considered severe prejudice, then responding to a motion to set a default hearing, caused by the Plaintiff's actions, would also rise to that level. All filing fees, including fee waivers, should then be granted on all motions if this court finds the burden of re-filing to be severely prejudicial. Additionally, the third element in the case of *In re Sheehan*, would not even be required.

 Plaintiff's second argument that he is only entitled to the past three years of damages is also without merit, because he choose to wait nearly two and a half years to file his case. Plaintiff clearly did not mitigate his damages. Additionally, Plaintiff has not attached any evidence whatsoever to show any damage amounts that would be lost except for allegations that he would lose the ability to collect some unknown amount due to their inability to mail a copy of the complaint after being given notice that he had to do so on at least three occasions.

### E. Defendants' Have and Will Continue to Suffer Prejudice due to Plaintiff's Refusal to Properly Serve the Complaint.

Defendants will suffer prejudice if the time for service is extended.

Currently, Defendants are not working full-time attorneys and thus it has taken a great toll on Defendants to learn how to defend this lawsuit.

Having a new action with a single new complaint will aide Defendants in impleading Mia Weiss as she is a German citizen. Being a German citizen, Defendants are required to translate all the documents into German and serve her in Germany in compliance with the Hague Convention.

Lastly, as the Court is already aware, the Defendants have already been harmed by the Plaintiff's actions due to having to file several documents due to his failure to properly serve the Summons and Complaint upon them.

### IV. Conclusion

As shown, there is no good cause to extend the service period for Plaintiff given that the Plaintiff has intentionally deceived the court for his benefit. Plaintiff failed to show a severe burden for the court to enforce the rules on Defendants. In contrast, Defendants have shown a burden on themselves as a result of Plaintiff's malfeasance.

Therefore this court should deny Plaintiff's motion.

Dated: October 15, 2018

Respectfully Submitted,

/s/ J. Daniel Jung

J. Daniel Jung,
Attorney for Defendants